## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **TRUSTEES OF FLINT AREA SHEET METAL WORKERS' LOCAL 7-4 PENSION PLAN** 700 TOWER DRIVE, SUITE 300 TROY, MI 48098, | * * | CASE NO. |
| and | * | |
| **TRUSTEES OF FLINT AREA SHEET METAL WORKERS' LOCAL 7-4 HEALTH CARE FUND** 700 TOWER DRIVE, SUITE 300 TROY, MI 48098, | * * | |
| **Plaintiffs,** vs. | * | **COMPLAINT** |
| **JLK MECHANICAL, LLC** 7466 GROVE STREET SWARTZ CREEK, MI 48473, | * * | |
| SERVE ON: | * | |
| Jamie Lynn Kittle, Statutory Agent 7466 Grove Street Swartz Creek, MI 48473 | * * | |
| and | * | |
| **VORTEX, INC.** 7466 GROVE STREET SWARTZ CREEK, MI 48473 | * * | |
| SERVE ON: | * | |
| Thomas J. Brady, Statutory Agent 4225 Miller Road #143 Flint, MI 48507 | * * | |
| **Defendants.** | * | |

## JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction over suits against an employer for failing to make required contributions to employee benefits funds is conferred upon this Court by Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145. This action also arises under Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185(a), giving jurisdiction to this Court over suits for violations of a collective bargaining agreement between an employer and labor organization.

2. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), because the cause of action described herein is currently being committed within the jurisdiction of the U.S. District Court for the Eastern District of Michigan.

## PARTIES

3. Plaintiffs, the Trustees of the Flint Area Sheet Metal Workers' Local 7-4 Pension Plan ("Pension Plan" or "Plan") are trustees of an employee benefit plan, as defined by 29 U.S.C. §1002(3). Plaintiffs receives certain fringe benefit contributions from signatory employers for the purpose of providing retirement benefits to covered employees. The Pension Plan is an "employee pension benefit plan" within the meaning of Section 3(2) and (3) of ERISA, 29 U.S.C. § 1002(2) and (3). The Plan is a multiemployer pension plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3). The Plan is a defined benefit plan within the meaning of Section 3(35) of ERISA, 29 U.S.C. § 1002(35). The Plan is administered by a joint Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the Labor Management Relations act of 1947 ("LMRA"), 29 U.S.C. § 186(c)(5). Plaintiff Trustees are

fiduciaries of the Plan, as that term is defined in ERISA § 3(21), 29 U.S.C. § 1002(21). The Plan's Board of Trustees collectively is the Plan's plan sponsor within the meaning of ERISA §§ 3(16)(B)(iii) and 4001(a)(10), 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10). The Plan is administered at 700 Tower Drive, Suite 300, Troy, MI 48098.

4. Plaintiffs, the Trustees of the Flint Area Sheet Metal Workers' Local 7-4 Health Care Fund ("Health Fund" or "Fund") are trustees of an employee benefits plan, as defined by 29 U.S.C. §1002(3). Plaintiffs receive certain fringe benefit contributions from signatory employers for the purpose of providing health care coverage and other benefits to covered employees. The Health Fund is an employee benefit plan and employee welfare benefit plan within the meaning of ERISA Section 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); and ERISA § 3(1)(A), 29 U.S.C. § 1002(1)(A).  The Fund is administered by a joint Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the Labor Management Relations act of 1947 ("LMRA"), 29 U.S.C. § 186(c)(5). Plaintiff Trustees are fiduciaries of the Fund, as that term is defined in ERISA § 3(21), 29 U.S.C. § 1002(21). The Fund's Board of Trustees collectively is the Fund's plan sponsor within the meaning of ERISA §§ 3(16)(B)(iii) and 4001(a)(10), 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10). The Health Fund is administered at 700 Tower Drive, Suite 300, Troy, MI 48098.

5. The Defendant, JLK Mechanical LLC ("JLK"), is a Michigan limited liability company with its principal place of business at 7466 Grove Street, Swartz Creek, Michigan 48473. At all material times herein, Defendant was an employer as defined in 29 U.S.C. §152(2) and 29 U.S.C. §1002(5).

6. The Defendant, Vortex, Inc. ("Vortex"), is a Michigan corporation with its principal place of business at 7466 Grove Street, Swartz Creek, Michigan 48473. At all material times

herein, Defendant was an employer as defined in 29 U.S.C. §152(2) and 29 U.S.C. §1002(5). Defendant is engaged in interstate commerce and affecting commerce as defined in 29 U.S.C. §§1002 (11) and (12).

## RELEVANT FACTS

7. In September 2012, JLK was organized as a limited liability company under Michigan law.

8. Jamie Lynn Kittle is the sole Member of JLK.

9. JLK provides furnace, air conditioning, and ductwork for new buildings and retrofits.

10. In early 2016, Kittle, on behalf of JLK, entered into a collective bargaining agreement ("CBA") with the International Association of Sheet Metal, Air, Rail and Transportation Workers Local Union No. 7, Zone 4, also known as the Flint Area Sheet Metal Workers Local 7 Zone 4. (Exhibit A). Under the CBA, JLK was obligated to timely report all hours that its employees performed work covered under the CBA, and to make timely contribution payments to the Plaintiffs for all such hours. (Ex. A, Addendum III, Sec. 8, p. 26-27).

11. As stated in the CBA, JLK's address is 7466 Grove Street, Swartz Creek, Michigan, and its phone number is (810) 635-3330. (Ex. A, p. 61).

12. From the outset of its tenure as a signatory employer, JLK failed to report and contribute on all hours of work covered by the CBA. A payroll audit revealed substantial obligations to the Pension Plan and Health Fund for work performed between January 2016 and May 2017.

13. The Pension Plan and Health Fund sued to enforce JLK's obligations under the CBA, in the Eastern District of Michigan, case number 2:17-cv-11305. On May 1, 2018, JLK

consented to judgment for contributions, liquidated damages, interest, costs, and attorney's fees, all totaling $469,148.86 ("the Judgment"). (Exhibit B). JLK has never made a payment towards the Judgment.

14. After the Consent Judgment was entered, JLK continued to timely report and make contributions for hours of covered work performed in May and June 2018 by its employees, Thomas J. Brady, Brian K. Garno and James P. Garno.

15. Defendant, Vortex, Inc. was incorporated on July 31, 2018, less than three months after the Consent Judgment was entered. (Exhibit C – Articles of Incorporation).

16. The officers of Vortex are the same individuals who manage and operate JLK: Brady serves as President; Kittle as Treasurer; Brian Garno as Secretary; and James Garno as Director. (Exhibit D – Vortex Annual Report). Upon information and belief, Brian Garno and James Garno are brothers of Jamie Kittle.

17. Vortex does business as Vortex Heating & Air Conditioning, an assumed name registered with the Michigan Department of Licensing and Regulatory Affairs.

18. Following the incorporation of Vortex, JLK reported and made contributions for hours worked during July and August 2018.

19. Thereafter, JLK submitted reports indicating that its employees performed zero hours of covered work in September 2018 through February 2019.

20. In October 2018, JLK wrote checks totaling $27,500 to Vortex. (Exhibit E – Checks #9507 and #9508).

21. Upon information and belief, Vortex did not give reasonably equivalent value to JLK as consideration for the transfer of $27,500.

22. Concurrent with JLK's transfer of funds to Vortex, JLK began to wind down the use of its business checking account. By January 2019, JLK's business checking account was overdrawn.

23. On or about March 28, 2019, a payroll auditor engaged by the Pension Plan and Health Fund placed a call to (810) 635-3330 and was told by the person answering the line that the business is now known as "Vortex".

24. Prior to April 4, 2019, JLK signage was taken down at the Grove Street premises.

25. In view of the economic harm caused to the Pension Plan by JLK's failure to satisfy is obligation to the Pension Plan, as manifested by the Judgment, JLK's participation in the Pension Plan was terminated, effective May 31, 2019.

26. Upon information and belief, from September 2018 through May 2019, Brady, B. Garno, and J. Garno, have continued to perform work covered by the CBA under the guise of Vortex d/b/a Vortex Heating & Air Conditioning.

27. JLK and Vortex are integrated business enterprises with common ownership, management, and business purpose within the same geographical area (heating, air conditioning and ductwork in Genesee County and the surrounding counties). JLK and Vortex use common funds, common equipment and assets, and common employees, and thus constitute a single integrated business enterprise, single employer or alter ego, each Defendant being merely another face of the other.

## COUNT I

### Failure to Remit Contributions and Reports
### ERISA Section 515

28. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

29. At all times relevant to this Complaint, JLK was a party to and agreed to abide by the terms of a collective bargaining agreement ("CBA") (Ex. A).

30. The CBA incorporates the terms of the Trust Agreements which govern the Pension Plan and Health Fund (Ex. A, CBA p. 27).

31. The Trust Agreements grant authority to the Plaintiffs to create a Collection Policy. (Ex. F, Health Fund Trust Agreement, Sec. 7.1, p.10; Ex. G, Pension Plan Trust Agreement, Art. IV, Sec. 6, p. 7-8).

32. The CBA and the Collection Policy (Exhibit H) and Trust Agreements require JLK to timely report hours worked and make timely payment to the Plaintiffs for each employee covered by the CBA. (Ex. A, pp. 26-27; Ex. H, p. 1).

33. JLK has submitted reports indicating that zero hours of covered work were performed between September 2018 and February 2019. However, upon information and belief as stated in the foregoing paragraphs, covered work for which JLK is obligated to contribute continued after its last contribution for August 2018. Accordingly, JLK has failed to fulfill its obligation to fully and accurately report covered hours worked and submit the required contributions to the Pension Plan and Health Fund.

34. JLK's actions violate ERISA § 515, 29 U.S.C. § 1145, and Plaintiffs seek to remedy that violation pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1332(a)(3).

## COUNT II

### Breach of Contract for Failure to Remit Reports and Contributions
### LMRA Section 301

35. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

36. At all times relevant to this Complaint, JLK was a party to and agreed to abide by the terms of a collective bargaining agreement ("CBA") (Ex. A).

37. The CBA incorporates the terms of the Trust Agreements which govern the Pension Plan and Health Fund (Ex. A, CBA p. 27).

38. The Trust Agreements grant authority to the Plaintiffs to create a Collection Policy. (Ex. F, Health Fund Trust Agreement, Sec. 7.1, p.10; Ex. G, Pension Plan Trust Agreement, Art. IV, Sec. 6, p. 7-8).

39. The CBA, the Collection Policy, and Trust Agreements require JLK to timely report hours worked and make timely payment to the Plaintiffs for each employee covered by the CBA. (Ex. A, pp. 26-27; Ex. H, p. 1).

40. JLK has submitted reports indicating that zero hours of covered work were performed between September 2018 and February 2019. However, upon information and belief as stated in the foregoing paragraphs, covered work for which JLK is obligated to contribute continued after its last contribution for August 2018. Accordingly, JLK has failed to fulfill its obligation to fully and accurately report covered hours worked and submit the required contributions to the Pension Plan and Health Fund.

41. Defendant's actions are in breach of the CBA, and Plaintiffs seek to remedy that breach pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III

### Failure to Pay Liquidated Damages, Interest, Fees and Costs
### ERISA Section 515

42. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

43. The CBA and the Collection Policy and Trust Agreements require JLK to timely report hours worked and make timely payment to the Plaintiffs for each employee covered by the CBA. (Ex. A, pp. 26-27; Ex. H, p. 1).

44. The Collection Policy states that if full payment of contributions is not made by the 15th of the month following the month in which the work was performed, liquidated damages, interest, and penalties shall be assessed. (Ex. H, pp. 1-2).

45. The Collection Policy further provides that a delinquent employer shall be liable to the Pension Plan and Health Fund for legal fees, court costs, and audit costs. (Ex. H, p. 2).

46. From September 2018 through the present, Defendant JLK has failed to fully report covered hours worked under the CBA and pay contributions. As a result, Defendant has incurred liquidated damages and interest in amounts to be determined.

47. Defendant's actions violate ERISA § 515, 29 U.S.C. § 1145, and Plaintiffs seek to remedy that violation pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## COUNT IV

### Failure to Pay Liquidated Damages, Interest, Fees and Costs
### LMRA Section 301

48. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

49. The CBA and the Collection Policy and Trust Agreements require JLK to timely report hours worked and make timely payment to the Plaintiffs for each employee covered by the CBA. (Ex. A, pp. 26-27; Ex. H, p. 1).

50. The Collection Policy states that if full payment of contributions is not made by the 15th of the month following the month in which the work was performed, liquidated damages, interest, and penalties shall be assessed. (Ex. H, pp. 1-2).

51. The Collection Policy further provides that a delinquent employer shall be liable to the Pension Plan and Health Fund for legal fees, court costs, and audit costs. (Ex. H, p. 2).

52. From September 2018 through the present, Defendant JLK has failed to fully report covered hours worked under the CBA and pay contributions. As a result, Defendant has incurred liquidated damages and interest in amounts to be determined.

53. Defendant's actions are in breach of the CBA, and Plaintiffs seek to remedy that breach pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT V

**As to Vortex - Alter Ego, Single Employer, and/or Successor Liability**

54. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

55. This action arises out of the same common nucleus of fact pleaded in Counts I through IV and is joined herewith under the provisions of U.S.C. Title 28, Fed. R. Civ. P. 18(a).

56. Vortex is operated by the same four individuals who operate JLK: Jamie Lynn Kittle, Thomas J. Brady, Brian K. Garno, and James P. Garno. (Ex. D).

57. Vortex uses the same employees to perform the same type of work as JLK.

58. Vortex uses the same supplies, materials, equipment, office, and telephone number as JLK.

59. Vortex uses money from JLK's checking account to fund its operations. (Ex. E).

60. Vortex is the disguised continuance of JLK and/or participated with JLK for the sole purpose of allowing JLK to evade its contractual and statutory obligations to the Pension Plan and Health Fund.

61. Vortex is the alter ego of JLK or is bound to the CBA under a single or joint employer theory. As such, Vortex is obligated to comply with the terms of the CBA and Trust Agreements and to report and contribute for covered work performed by its employees.

62. Vortex has failed to pay fringe benefit contributions in accordance with the CBA, in violation of its contractual obligation under the CBA.

63. Pursuant to the terms of the CBA, 29 U.S.C. § 1145, and 29 U.S.C. § 1049, Vortex and JLK are required to make timely fringe benefit contributions due to the Funds, and are required to submit to an audit of their payroll records, to verify the accuracy of said contributions.

64. Vortex, as the alter ego of JLK, is liable for fringe benefit contributions for all work performed by it that is covered by the CBAs, and further is jointly liable for all past, current, and future obligations owed by JLK to the Pension Plan and Health Fund, including unpaid contributions, liquidated damages, interest, attorney's fees, and costs owed by JLK to the Pension Plan and Health Fund.

65. Vortex, as the alter ego of JLK, is liable to the Pension Plan and Health Fund for the sums owed under the Judgment, as those sums consist of unpaid contributions, liquidated damages, interest, attorney's fees, and costs owed by JLK to the Pension Plan and Health Fund under the CBA and Trust Agreements.

66. Vortex is obligated to pay the attorney fees and court costs incurred by the Plaintiffs, pursuant to 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiffs demand the following relief:

A. An adjudication that Vortex, Inc. is an alter ego of JLK Mechanical LLC, and/or a single employer with, or successor to, JLK Mechanical LLC, and is therefore obligated to Plaintiffs pursuant to the CBA;

B. Judgment for the Plaintiffs and against Vortex, Inc. for the following sums: delinquent and unpaid contributions from January 2016 through May 2017, in the amount of $348,983.45; liquidated damages arising from the aforesaid delinquent contributions, in the amount of $44,452.35; interest as a result of the aforesaid delinquent contributions, through May 1, 2018, in the amount of $48,740.56, the costs of case no 2:17-cv-11305, in the amount of $400; and Plaintiffs' attorney's fees through May 1, 2018, in the amount of $26,572.50.

C. Judgment for the Plaintiffs and against JLK and Vortex for unpaid contributions, liquidated damages, interest, costs, and fees owed to the Plaintiffs, in addition to the foregoing sums, under the terms of the collective bargaining agreement, trust agreement, and collection policy, plus any additional interest accrued at the time of an entry of judgment, in amounts yet to be determined;

D. That this Court retain jurisdiction over this cause pending compliance with all Orders;

E. An award of reasonable attorney's fees incurred in connection with this action as provided by the Collection Policy and ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D); and

F. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E) pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

Dated:   October 4, 2019

                                            Respectfully submitted,

s/ Jennie G. Arnold
Jennie G. Arnold (OH #0084697)
**LEDBETTER PARISI LLC**
5078 Wooster Road, Suite 400
Cincinnati, OH 45226
937-619-0900
937-619-0999 (fax)
jarnold@fringebenefitlaw.com
*Counsel for Plaintiffs*